UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL DEMINTER,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | CASE NO. 13-cv-05807 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United States Magistrate Judge, ECF No. 4). This matter has been fully briefed (*see* ECF Nos. 12, 13, 14).

After considering and reviewing the record, the Court finds that the ALJ's decision is not based on substantial evidence in the record as a whole. The ALJ failed to discuss significant probative evidence, including plaintiff's obesity and plaintiff's allegations of side effects from medication.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, MICHAEL DEMINTER, was born in July, 1943 and was fifty-nine years old on the alleged date of disability onset of April 15, 2003 (*see* Tr. 20, 261). Plaintiff graduated from high school and has two years of college, with an Associate's degree in business management (*see* Tr. 36). Plaintiff retired from the Navy in approximately 1983, after serving 21 years (*see* Tr. 36-37).

According to the ALJ, plaintiff has at least the severe impairments of degenerative joint disease of the bilateral knees and hips as well as his degenerative disc disease of the lumbar and cervical spine; and atrial fibrillation (*see* Tr. 22 (*citing* 20 C.F.R. § 404.1520(c)).

At the time of the hearing, plaintiff was living in the home he has lived in for approximately 45 years (*see* Tr. 36).

## PROCEDURAL HISTORY

Following a remand order from the Appeals Council, plaintiff received a hearing on his application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) before Administrative Law Judge Wayne N. Araki ("the ALJ") on January 11, 2012 (*see* Tr. 20, 28). On February 10, 2012, the ALJ issued a written decision in which he concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 20-28).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the ALJ err in disregarding the impact of plaintiff's sleep apnea, obesity, and the side effects of his medications on his functioning; (2) Did the ALJ err by rejecting the Department of Veteran's Affairs [VA] disability determination; (3) Did the ALJ err by finding plaintiff not fully credible; and (4) Did the ALJ err by rejecting the lay witness evidence (*see* ECF No. 12, p. 1). Because the Court concludes that issue number one is dispositive, the remainder of plaintiff's issues will not be discussed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**1. Whether or not the ALJ erred in disregarding the impact of plaintiff's sleep apnea, obesity and the side effects of his medications on his functioning.**

**a. Obesity**

Here, defendant admits that the ALJ failed to acknowledge plaintiff's obesity (*see* Response, ECF No. 13, p. 7). However, defendant contends that the error is harmless (*see id.*). For the reasons discussed, the Court does not agree.

At 5'11" tall, and weighing 271 pounds, plaintiff's Body Mass Index [BMI] was 38.7, indicating that he was obese (*see* Tr. 622). *See e.g.,* http://www.nhlbi.nih.gov/guidelines/obesity/BMI/bmicalc.htm. Obesity requires a BMI of 30 (*see id.*). Although the ALJ "need not discuss *all* evidence presented," in this case, the ALJ should have explained why the "significant probative evidence [of plaintiff's obesity] has been rejected." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981)).

In addition, according to Social Security Ruling, "SSR," 02-01p, the Administration "consider[s] obesity to be a medically determinable impairment and remind[s] adjudicators to consider its effects when evaluation disability . . . . [ALJs are] to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process." 2002 SSR LEXIS 1 at *2-*3 (2002).

Therefore, it is clear, that the ALJ failed to follow the Social Security ruling and erred by not evaluating plaintiff's obesity.

Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (*citing Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988)) (internal citation and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or

regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356).

The Court also notes that according to Social Security Ruling ("SSR") 02-1p,

> [An ALJ] will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. [The ALJ] will evaluate each case based on the information in the case record.

2002 WL 34686281, 2002 SSR LEXIS 1 at *15.

When arguing that the failure to consider plaintiff's obesity is harmless, defendant cites this Social Security ruling, and notes that assumptions will not be made about "the severity or functional effects of obesity combined with other impairments" (*see* Response, ECF No. 13, p. 8). The Court agrees. This is exactly the reason why the significant probative evidence of plaintiff's obesity must be evaluated by the Administration in the first instance. It is not for this Court to conclude that plaintiff's obesity did not have any effect on the severity on plaintiff's functional limitations. For example, as found by the ALJ, plaintiff has the severe impairments of degenerative joint disease of the bilateral knees and hips, as well as degenerative disc disease of the lumbar and cervical spine, and has complained of constant pain (*see* Tr. 22, 24). For this Court to conclude that the ALJ's error is harmless, the Court would need to conclude that plaintiff's obesity did not exacerbate plaintiff's limitations from his severe impairments to any relevant extent. Based on the record as a whole, the Court cannot make such a conclusion.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The court noted multiple instances of the application of these principles. *Id*. (collecting cases). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Molina*, *supra*, 674 F.3d at 1115. The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

The Court concludes that the ALJ's failure to acknowledge plaintiff's obesity is not irrelevant to the ultimate nondisability determination. Plaintiff's obesity may have had an effect on his limitations from his severe impairments, and such effects need to be included into the residual functional capacity [RFC] as necessary. Therefore, the ALJ's error is not harmless error.

Although defendant cites caselaw in support of the argument that failure to acknowledge a claimant's obesity can be harmless error, the case cited by defendant easily is distinguishable as the ALJ in said case "acknowledged that the physicians' notes

indicate [plaintiff] gained approximately 25 pounds in two months, that she weighed 222 pounds in February 2000 and that she is 'somewhat obese'" (*see* Response, ECF No. 13, p. 8) (*citing Burch v. Barnhart*, 400 F.3d 676, 682-683 (9th Cir. 2005) ("the ALJ did not err in step five of the analysis as he considered [plaintiff's] obesity in making his determination regarding RFC and vocational ability"). In the case before this Court, however, the ALJ made no mention of plaintiff's obesity, nor included any discussion regarding any functional limitations, or lack of functional limitations, related to his obesity.

### b.  Side effects from medication

Plaintiff contends that the ALJ erred by failing to discuss plaintiff's alleged side effects from medication (*see* ECF No. 12, pp. 8-10). Defendant contends that any error is harmless.

However, according to the relevant federal regulations, side-effects of medication taken for pain or other symptoms must be considered when assessing allegations of disabling symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv). In addition, plaintiff here contends that side effects from his medications caused congestion and running nose, which impacted his ability to utilize prescribed treatment for his sleep apnea; and contends that his medications for pain affected his ability to concentrate and stay awake, as evidenced by lay evidence (*see* Reply, ECF No. 14, pp. 4-5). These allegations need to be addressed in the first instance by the Administration.

The Court also concludes that the failure to address the side effects from plaintiff's medication is not harmless error.

Although the ALJ found that if plaintiff's "sleep apnea caused such severe sleeping problems that he was unable to sleep, one would expect him to use his CPAP machine as needed," plaintiff complains that the ALJ "seems to be under the belief that sleeping with a mask on at night when you have a perpetually runny nose is no great inconvenience" (*see* ECF No. 12, pp. 6-7). Plaintiff argues that the ALJ "has no basis in the record, or fact, for this belief [as] studies show that 25% - 50% of the people who use the CPAP stop using it for a variety of reasons, despite the benefits. The ALJ is not free to base his findings on his own opinions or presumption" (*see* ECF No. 12, pp. 6-7 (internal citations omitted)). The Court finds plaintiff's argument persuasive.

While an ALJ may "draw inferences logically flowing from the evidence," *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)); an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22. Here, the ALJ's finding that plaintiff sleep apnea was not severe because he failed to use his CPAP machine despite his nasal irritation is not based on substantial evidence in the record as a whole and appears to be speculation.

Also, the ALJ's failed to consider the effects of plaintiff's side effects from medication for pain, and the Court concludes that failure to analyze the impact of such on plaintiff's ability to focus and concentrate, as well as stay awake, is not irrelevant to the ultimate nondisability finding. Similarly, the failure to evaluate the side effects impacting

ORDER ON PLAINTIFF'S COMPLAINT - 8

plaintiff's ability to utilize prescribed treatment for his sleep apnea also is not irrelevant to the ultimate finding.

Furthermore, the Court finds persuasive plaintiff's argument that the ALJ's reliance on x-rays while ignoring the more relevant MRIs that support plaintiff's allegations when offering no acceptable medical source opinion interpreting the MRIs is not proper. This is further significant probative evidence that should have been evaluated in the first instance by the ALJ.

For the reasons stated and based on the relevant record, the Court concludes that this matter must be reversed and remanded for consideration of plaintiff's obesity and the side effects from plaintiff's medications. Although the remainder of plaintiff's allegations will not be discussed herein, the Court concludes that the ALJ's evaluation of all of the medical evidence should be completed anew.

### 2. Whether or not the ALJ erred when reviewing plaintiff's allegations and credibility and when reviewing the lay opinion evidence.

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter. As the ALJ gave the same reasons for discounting the lay evidence as he did for discounting

plaintiff's credibility and allegations, the lay evidence also needs to be evaluated anew following remand of this matter (*see* Tr. 28).

### 3. Whether or not this matter should reversed and remanded for payment of benefits or reversed and remanded for further proceedings.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292. The ALJ failed to evaluate plaintiff's obesity, and this evidence needs to be evaluated in the first instance by the Administration. The impact of side effects from plaintiff's medications also needs to be evaluated in the first instance by the Administration. Furthermore, the decision whether to remand a case for additional evidence or simply to

award benefits is within the discretion of the court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399 (9th Cir. 1988)).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

## CONCLUSION

The ALJ failed to acknowledge the significant probative evidence of plaintiff's obesity and plaintiff's side effects from medication. Therefore the medical evidence must be evaluated anew.

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 9th day of July, 2014.

J. Richard Creatura
United States Magistrate Judge